IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JIMMY LEE HONEYCUTT,      *
                          *
     Plaintiff,           *
                          *
     v.                   *     CV 620-068
                          *
MARCUS MIKELL, JAVAKA JOHNSON, *
JUANITA SHARPE, and TREVONZA   *
BOBBIT,                   *
                          *
     Defendants.          *

O R D E R

Plaintiff filed this lawsuit while housed at the Georgia State Prison. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (Order granting Leave to Proceed IFP).) Because he seeks to proceed IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune to such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## I. BACKGROUND

Plaintiff was returning from breakfast when a prison brawl broke out in his dorm. (Doc. No. 1, at 5.) At some point, Plaintiff was stabbed with a machete, and he fell to the ground where he was attacked by seven to eight inmates and stabbed around 13 times. (<u>Id.</u>) Although officials were in the control booth watching, no one came to stop the fight or help Plaintiff. Plaintiff was eventually rushed to the hospital where he suffered extensive injuries, including wounds to his lung, spine, ear, arm, head, and back. He may suffer permanent numbness in his left leg. (<u>Id.</u>) Plaintiff reports that Lieutenant Mikell told him, "The whole time you was getting stab'd I was standing outside of F4 Back door watching & didn't come in to help cause it was to (sic) many people with knifes (sic)." (<u>Id.</u>) Plaintiff previously participated in a stepdown program for good behavior. (<u>Id.</u> at 6.) When Plaintiff protested regarding his return to his dorm after medical treatment, he was told that if he refused his housing assignment, he would revert to a lower tier or phase in the program, which may cause him to spend more time in jail. (<u>Id.</u>)

Plaintiff alleges that the officials failed to protect him. He reports they told him, "We can't help it that we're short staff

2

there's nothing we can do about it." (Id. at 7.) Plaintiff requests that the Court either transfer him, close the prison, or otherwise house him in a safer dormitory.

## II. LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550

U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

A prisoner's transfer or release from a correctional facility generally will moot his claims for injunctive relief in a § 1983 action. See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (noting that, in this circumstance, there is no longer a "case or controversy once the inmate has been transferred"); see

4

also Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects."). Nor will there be any case or controversy when the chance of a prisoner's return to the offending facility is too speculative. Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) (holding that a prisoner's claim for injunctive relief was moot since he was no longer being held in the jail with the conditions he had challenged and the risk of being sent back to that jail, and suffering from the threatened injury, was too speculative).

Plaintiff's address was updated on the docket on July 15, 2022, indicating that he had been transferred from the now closed Georgia State Prison in Reidsville, Georgia, to Hays State Prison in Trion, Georgia. (See Doc. No. 9, at 2.) Accordingly, although the events giving rise to Plaintiff's injuries are compelling, his claim, for which he solely sought injunctive relief, is moot due to his transfer to Hays State Prison. Namely, the injunctive relief sought, that the district court order Plaintiff's transfer to another prison or dorm or to close Georgia State Prison, has already occurred. Accordingly, even if Plaintiff could prove his failure-to-protect claim against Defendants, the Court could not grant "any effectual relief whatever" to him. See Church of Scientology of Cal., 506 U.S. 9, 12 (1992).

## IV. CONCLUSION

Upon the foregoing, although Plaintiff's request to file *in forma pauperis* is granted, **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of August, 2022.

_____
UNITED STATES DISTRICT JUDGE